Docusign Envelope ID: 9F04E209-95CC-47C0-BB6E-C51A75080CF9

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| AERY AVIATION, LLC,<br>1009 Providence Boulevard<br>Newport News, VA 23602<br><br>      Plaintiff,<br><br>v.<br><br>TALENTSCALE, INC.,<br>1350 E. Flamingo Road, Suite 734<br>Las Vegas, NV 89119<br><br>      and<br><br>DOUGLAS POLDRUGO,<br>225 La Canosa Blvd.<br>Santa Rosa Beach, FL 32459<br><br>      Defendants. | Case No. 4:25-cv-00173-RBS-LRL |

### DECLARATION OF DOUGLAS POLDRUGO
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Douglas Poldrugo, pursuant to 28 U.S.C. § 1746, declare as follows:

**Background and Personal Jurisdiction Facts**

1.      I am the Chief Executive Officer and principal of Talentscale, Inc. ("Talentscale"). I am a named Defendant in this action. I have personal knowledge of the facts set forth in this Declaration and am competent to testify to them.

2.      I am a resident of Santa Rosa Beach, Florida. I have resided in Florida continuously since 2019. I have never resided in the Commonwealth of Virginia.

3.      I do not own any real property in Virginia. I do not maintain any office, place of business, or mailing address in Virginia. I have never transacted business in Virginia in my

individual capacity. I do not hold any professional licenses in Virginia. Talentscale, Inc. is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Talentscale does not own property, maintain offices, or employ personnel in Virginia. Talentscale is not registered to do business in Virginia and has no registered agent for service of process in Virginia.

### The Underlying Dispute and Federal Judgment

4.      Talentscale is a staffing firm that provided personnel to Aery Aviation, LLC ("Aery") for government and commercial aerospace projects during 2021 and 2022. A dispute arose regarding amounts Aery owed Talentscale for these services. At first, Talentscale sued Aery in the United States District Court for the District of Nevada, but Aery argued a lack of personal jurisdiction in Nevada, and Aery's motion to dismiss for lack of personal jurisdiction was granted. (D. Nev. Case No. 2:23-cv-00238). At Aery's insistence, the parties proceeded to binding arbitration pursuant to the arbitration provision in their contract. In early 2024, the arbitrator issued a final award in Talentscale's favor in the amount of $1,142,467.20.

5.      On October 9, 2024, the United States District Court for the Eastern District of Virginia confirmed the arbitration award and entered judgment in Talentscale's favor. Aery did not move to vacate or modify the arbitration award. Aery did not appeal the judgment. To date, Aery has not paid any portion of the judgment. With accruing post-judgment interest, the outstanding balance now exceeds $1.2 million.

### The Florida Enforcement Proceedings

6.      In January 2025, after Cogent Bank and Aery both insisted that matters pertaining to Cogent Bank be brought exclusively in Florida, due to a lack of personal jurisdiction over Cogent Bank in Virginia, Talentscale registered the judgment in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1963. Post-judgment enforcement

2

Docusign Envelope ID: 9F04F209-95CC-47C0-BB6E-C51A75080CF9

proceedings have been pending, and very active, in the United States District Court for the Northern District of Florida since that time under Case No. 5:25-mc-00001-TKW-MJF.

7.      In connection with the Florida enforcement proceedings, Talentscale served a writ of garnishment on the Cleveland Clinic Foundation. The Cleveland Clinic filed an answer to the writ stating that it owed Aery approximately $921,000 for services Aery had provided.

8.      In May, 2025, the Florida court dissolved Talentscale's writ of garnishment based on unsworn representations to the Florida tribunal by Aery's counsel and Cogent Bank's counsel. The court's ruling did not disturb the validity of Talentscale's judgment or Aery's underlying debt obligation. The Florida court noted its expectation that the judgment should be paid.

9.      Cogent Bank, a Florida state-chartered bank headquartered in Orlando, Florida, intervened in the Cleveland Clinic garnishment proceeding as a third-party claimant. Cogent is Aery's primary secured lender and asserted a security interest in Aery's accounts receivable, including the debt owed by Cleveland Clinic. Cogent moved to dissolve Talentscale's garnishment based on its claimed lien priority. A telephonic hearing on a motion for extension of time was held on May 22, 2025, at which counsel for Aery, Cogent, and Talentscale presented argument to the Florida court.

10.     Through post-judgment discovery conducted in the Florida enforcement proceedings, Talentscale obtained Cogent Bank's loan records, account statements, and internal ledgers pertaining to Aery's credit facilities. Those records revealed that Aery maintained a revolving line of credit with Cogent that had been increased from $15 million to $18 million as early as May 6, 2025, more than two weeks before the May 22, 2025 hearing at which time counsel for Cogent Bank represented to the tribunal that the credit line was only $15 million and that it was maxed out. But subsequent investigation revealed that the credit line was actually $18 million

3

at this time, and there was at least $3 million in available credit when counsel for Cogent Bank and Aery represented to the Florida court otherwise on May 22, 2025. This information had not been disclosed to the Florida court, or Talentscale, at the May 22, 2025 hearing. At the May 22, 2025 hearing, counsel for Cogent Bank represented to the Florida tribunal that Aery had not made a payment to Cogent Bank in approximately two months. But the record subsequently produced showed that Aery had paid Cogent approximately $6.3 million in the two months surrounding the Cleveland Clinic garnishment despite the representations to the tribunal that no payments were made.

### The Communications at Issue

11.    On August 22, 2025, and August 26, 2025, I sent two emails to senior officers of Cogent Bank regarding the judgment enforcement proceedings, in light of the newly discovered information indicating Cogent Bank's inaccurate representations to the tribunal. I sent both emails from my home in Santa Rosa Beach, Florida. The recipients of the emails were employees of Cogent Bank located at Cogent's offices in Florida. I did not send the emails to any person or address in Virginia. I did not direct the emails to Virginia in any way.

12.    The emails I sent were based on information I obtained from the following sources: (a) discovery materials obtained via subpoena and otherwise pursuant to the federal judgment enforcement proceedings in Florida; (b) the transcript and other court filings, as well as pleadings in the Florida enforcement proceedings; (c) discovery materials produced by Cogent in the Florida proceedings; (d) Cogent Bank's loan documents, account statements, and internal ledgers relative to Aery produced in discovery; and (e) publicly available information regarding Aery and Cogent.

13.    As part of the August 22, 2025 email, I forwarded a memorandum that had been prepared by Talentscale's Florida counsel, Kenneth E. Chase, Esq. The memorandum analyzed

4

Docusign Envelope ID: 9E04E209-95CC-47C0-BB6E-C51A75080CF9

the garnishment proceedings, the discrepancies between Aery's representations and the financial information produced in discovery, and potential regulatory issues with the Cogent lending arrangement. The memorandum reflected counsel's legal analysis based on the facts and the documentary record in the Florida proceedings.

14.     The purpose of the emails was to communicate with Cogent Bank, a party that had directly intervened in the Florida garnishment proceedings to block Talentscale's receipt of $921,000 in garnished funds, regarding the ongoing litigation and to explore whether a resolution could be reached. Cogent Bank had appeared through counsel in the Florida proceedings and had run interference by blocking and interfering with Talentscale's garnishment efforts. I believed that direct communication with Cogent's management might facilitate a resolution of the priority dispute.

15.     Prior to sending the emails, I had consulted with my attorney regarding the judgment enforcement efforts and the information obtained through discovery. The characterizations I made in the emails regarding the conduct of Aery and Cogent reflected my conclusions based on the documentary evidence and analysis of the facts.

### No Virginia Contacts Related to This Dispute

16.     The emails that are the subject of this lawsuit were not sent to Virginia, not sent from Virginia, and did not concern any matter in Virginia other than the existence of the underlying judgment. The emails concerned enforcement proceedings pending in Florida, were sent to a Florida bank, and were based on documents produced in Florida litigation.

17.     I have had no communications with any person in Virginia regarding the subject matter of the challenged emails. I have not traveled to Virginia in connection with any matter related to this lawsuit or the underlying judgment enforcement.

Docusign Envelope ID: 9F04E209-95CC-47C0-BB6E-C51A75080CF9

6

18.     My only connection to Virginia in this matter is that Aery is a Virginia limited liability company and that the original judgment was entered by the Eastern District of Virginia. I did not choose Virginia as the forum for any aspect of this dispute. To the contrary, after Aery and Cogent argued that Virginia courts could not exercise jurisdiction over Cogent Bank, Talentscale registered its judgment in Florida and has pursued enforcement in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____1/5/2026_____, at Santa Rosa Beach, Florida.


Signed by:

*Douglas Poldrugo*

50472AF457D54F1...

Douglas Poldrugo