**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **AERY AVIATION, LLC** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**TALENTSCALE, INC.** )<br>**and** )<br>**DOUGLAS POLDRUGO,** )<br>)<br>**Defendants.** )<br>) | **Case No. 4:25-cv-00173** |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF AERY AVIATION, LLC'S MOTION TO REMAND**

Now comes the Plaintiff Aery Aviation, LLC ("Aery"), by counsel, and for its

Memorandum in Support of its Motion to Remand for Lack of Subject Matter Jurisdiction states

as follows:

### I.     LEGAL STANDARD

Under 28 U.S. C. § 1332, a federal district court has original jurisdiction over civil actions

where the amount in controversy exceeds $ 75,000 and is between citizens of different states.  28

U.S.C. § 1332(a)(1).  However, diversity jurisdiction "requires complete diversity among parties,

meaning that the citizenship of every plaintiff must be different from the citizenship of every

defendant." *Cent. W. Va. Entergy Co., Inc. v. Mountain State Carbon, LLC*, 636 F. 3d 101, 103

(4th Cir. 2011).

"The party seeking removal bears the burden of demonstrating that removal is proper and

that the federal court has jurisdiction over the action." *Mulcahey v. Columbia Organic Chemicals*

1

*Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  Further, courts "must strictly construe removal jurisdiction" and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

## II.   ARGUMENT

### A.  There is no diversity of citizenship.

In its Notice of Removal (the "Removal"), Defendants incorrectly assert that this Court has subject matter jurisdiction in this case pursuant to 28 U.S.C § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000. (ECF Doc No. 1 at ¶¶ 24-26.) However, Defendants go on to acknowledge that Aery, is a citizen of Virginia and Florida; while Talentscale, Inc. ("Talentscale") is a citizen of Nevada, and Douglas Poldrugo ("Poldrugo") is a citizen of Florida.  (*Id.* at ¶ 25.)  In so doing, Defendants acknowledge there is no diversity of citizenship.  "A case must be remanded to state court 'if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Zhang v. Cigna Healthcare, Inc.*, No. 1:22-cv-1221, 2023 WL 3727936, at *2 (E.D. Va. May 30, 2023) (quoting 28 U.S.C. § 1447(c)).  Given that Poldrugo and Aery are both citizens of Florida, diversity jurisdiction does not exist in this matter.  Further, Defendants do not provide any other basis for this Court to find it has subject matter jurisdiction over the case.  Accordingly, this Court must remand the case to state court.

### B.  Poldrugo has not been fraudulently joined.

In an attempt to save its Removal, Defendants state in a conclusory manner that Poldrugo was fraudulently joined and that "[t]here is no reasonable possibility that [Aery] can establish a viable because of action against Poldrugo under applicable Virginia law. (ECF 1 at ¶¶ 13-14.) Defendants have not alleged a single fact in support of this conclusion.  Defendants' bald assertions fall grossly short of the rigorous standard for establishing fraudulent joinder.

The "fraudulent joinder" doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party alleging fraudulent joinder bears a heavy burden, "as it must show that there is 'no possibility' that the plaintiff would be able to 'establish a claim even after resolving all issues of law and fact in the plaintiff's favor.'" *Allard v. Laroya*, 163 F. Supp. 3d 309, 311 (2016) (quoting *Hartley v. CSX Trans. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). The Fourth Circuit has held that "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley,* 187 F.3d at 424. Defendants have not and cannot show that Aery has no possibility of establishing a claim against Poldrugo. On the contrary, Aery's claim against Poldrugo is well founded in fact and Virginia law.

As pled in the Complaint, Poldrugo personally sent defamatory emails to at least ten senior officers and employees of Cogent Bank falsely stating that Aery was engaged in "ongoing financial crime," and republishing false statements made his attorney alleging that Aery defrauded a federal court and intentionally misled a federal judge. (Compl. at ¶¶ 19-27.) These false statements constitute defamation per se under Virginia law, as they allege the commission of a criminal offense involving moral turpitude, and prejudice Aery in its profession or trade. *See Tronfeld v. Nationwide Mutual Insurance Co.*, 272 Va. 709, 713 (2006). Further, the Complaint does not simply allege that Poldrugo personally made these statements, it includes the emails from Poldrugo as exhibits. (Compl. at Ex A.) Importantly, Poldrugo did not send the defamatory communication from a Talentscale email address, and he threatened to further publish the false allegations unless he received "personal satisfaction." As pled, Aery has a prima facie claim for defamation per se against Poldrugo personally.

3

However, even if Defendants were to argue that Poldrugo was acting in his representative capacity for Talentscale when he made those defamatory statements, Aery still has a valid claim against both Talentscale and Poldrugo individually.  It is well settled in Virginia law that an officer of a corporation can be held personally liable for his tortious acts, even if they are committed on behalf of the company.  *See Borg v. Warren*, 545 F. Supp. 3d 291, 324-25 (E.D. Va. 2021); *see also Miller v. Quarles*, 242 Va. 343, 347 (1991).  As a result, and contrary to Defendants' baseless assertions, Aery has already established a viable cause of action against Poldrugo under Virginia law.

The merits of the case aside, in its Motion to Dismiss, Defendants finally expand on the theory stated in their Notice of Removal that "[t]here is no reasonable possibility that [Aery] can establish a viable because of action against Poldrugo under applicable Virginia law" by incorrectly asserting that "there is 'no possibility' of recovery against Poldrugo in Virginia state court because Virginia courts lack personal jurisdiction over him."  (ECF Doc. No. 6, p. 5, n. 1.)

However, as alleged in the Complaint, Virginia courts have jurisdiction over Poldrugo pursuant to the Virginia Long Arm Statute for Poldrugo's tortious acts that caused injury to Virginia residents in Virginia. (Compl. at ¶ 5.)  In the defamatory emails, Poldrugo discusses the enforcement of a judgment that was entered in the Eastern District of Virginia, against Virginia resident Aery.  This judgment was based on a dispute that arose out of the provision of staffing services to Aery, here in Virginia.  Further, the email falsely states that Aery and its members have been fraudulently avoiding paying the judgment, including false allegations that two Virginia residents, Steve Walton and Josh Walton, received improper distributions from Aery. Accordingly, the Complaint alleges that Aery has suffered reputational damage in Virginia, where it conducts business. Such conduct and resulting injury is sufficient to establish personal

4

jurisdiction in Virginia pursuant to the effects test in *Calder v. Jones*. In that case, the Supreme Court held that California courts had jurisdiction over Florida residents that published a defamatory story regarding a California resident. 465 U.S. 783, 788-90 (1984). The Court stated that "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id.* at 790.

Notwithstanding the fact that personal jurisdiction is proper, district courts in the Fourth Circuit have held that a personal jurisdiction inquiry for purposes of fraudulent joinder is not appropriate. For example, in *Atkinson v. Forest Research Institute, Inc.*, the District Court for the Southern District of West Virginia explained that the fraudulent-joinder doctrine is limited to assessing whether there is any possibility that the plaintiff can state a viable claim on the merits, not whether the forum court may ultimately exercise personal jurisdiction over the defendant. No. 3:15-cv-09302, 2016 WL 1268281, at *5 (S.D.W. Va. Mar. 31, 2016). Although the court was focused on whether it was appropriate to dismiss certain plaintiffs based on a lack of personal jurisdiction of a defendant, the court blanketly emphasized that jurisdictional defenses, including personal jurisdiction, are distinct from the fraudulent-joinder inquiry and are properly addressed by the state court after remand. *Id.* The *Atkinson* court noted that personal-jurisdiction questions often involve factual development through jurisdictional discovery, rendering them particularly ill-suited for resolution in the narrow and summary context of fraudulent-joinder analysis in federal court and, again, more appropriate to resolve in the original state court. *Id.* Accordingly, the court rejected the defendants' attempt to conflate jurisdictional defenses with fraudulent joinder and remanded the action for lack of subject-matter jurisdiction. *Id.*

The same principle controls here. Defendants' attempt to defeat remand by asserting that Virginia courts purportedly lack personal jurisdiction over Defendant Poldrugo improperly

5

conflates a merits-independent jurisdictional defense with the fraudulent-joinder inquiry. As in *Atkinson*, Defendants do not—and cannot—show that Aery has no possibility of stating a viable defamation claim against Poldrugo under Virginia law. Any dispute regarding personal jurisdiction is a threshold issue for the state court to decide after remand and cannot supply a basis for disregarding Poldrugo's citizenship at the removal stage. Because Defendants' fraudulent-joinder argument rests on precisely the type of jurisdictional theory rejected in Atkinson, it fails as a matter of law, and remand is required.

Finally, Aery need not succeed on its claims against Poldrugo to establish that he was not fraudulently joined. For purposes of a jurisdictional inquiry, the case law is clear that "there need be only a slight possibility of the right to relief." *Hartley v. CSX Transp., Inc.*, 187 F. 3d 422, 426 (4th Cir. 1999). In other words, "[o]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* Here, Aery has clearly shown it has more than just a mere glimmer of hope that it will succeed on its claims against Poldrugo. Accordingly, this Court must grant Aery's Motion to Remand the matter to state court because the parties are not completely diverse.

## III.    CONCLUSION

Because Defendants' sole claim for subject matter jurisdiction is diversity jurisdiction, and complete diversity of citizenship does not exist in this case, Aery requests that this Court remand the matter back to state court for lack of subject matter jurisdiction.

> **Respectfully Submitted,**
> **AERY AVIATION, LLC**
>
> By: /s/ *Erin C. McDaniel*
>      Of Counsel

Chris D. Davis (VSB No. 74809)
Erin C. McDaniel (VSB No. 94884)
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Telephone: (757) 410-2293
Facsimile: (757) 257-8614
Chris.davis@davisba.com
Erin.mcdaniel@davisba.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>8th</u> day of January 2026, a true and accurate copy of the foregoing was electronically filed via the Court's ECM/ECF system which will send notification of such filing to the following:

Amy Epstein Gluck
Pierson Ferdinand LLP
601 Pennsylvania Ave, NW Ste 900
Washington, DC 20004
301-526-1184
amy.epsteingluck@pierferd.com


By: /s/ *Erin C. McDaniel*

7