IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| AERY AVIATION, LLC | ) | |
| | ) | Case No. 4:25-cv-00173 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TALENTSCALE, INC. | ) | |
| and | ) | |
| DOUGLAS POLDRUGO, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## PLAINTIFF AERY AVIATION, LLC'S REPLY TO DEFENDANTS' OPPOSITION

Now comes the Plaintiff Aery Aviation, LLC ("Aery"), by counsel, and for its Reply to Defendant's Opposition to Aery's Motion to Remand states as follows:

### I.    LEGAL STANDARD

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Entergy Co., Inc. v. Mountain State Carbon, LLC*, 636 F. 3d 101, 103 (4th Cir. 2011).

"The party seeking removal bears the burden of demonstrating that removal is proper and that the federal court has jurisdiction over the action." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Further, courts "must strictly construe removal jurisdiction" and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | | |
|---|---|---|
| **AERY AVIATION, LLC** | ) | |
| | ) | **Case No. 4:25-cv-00173** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TALENTSCALE, INC.** | ) | |
| **and** | ) | |
| **DOUGLAS POLDRUGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF AERY AVIATION, LLC'S REPLY TO DEFENDANTS' OPPOSITION

Now comes the Plaintiff Aery Aviation, LLC ("Aery"), by counsel, and for its Reply to Defendant's Opposition to Aery's Motion to Remand states as follows:

### I.    LEGAL STANDARD

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Entergy Co., Inc. v. Mountain State Carbon, LLC*, 636 F. 3d 101, 103 (4th Cir. 2011).

"The party seeking removal bears the burden of demonstrating that removal is proper and that the federal court has jurisdiction over the action." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Further, courts "must strictly construe removal jurisdiction" and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

## II.   ARGUMENT

### A. Virginia's Anti-SLAPP statute does not apply.

Far from being a "hornbook SLAPP suit" as Defendants' claim, Virginia's Anti-SLAPP statute does not apply to the defamatory statements Poldrugo made regarding a private dispute between businesses. The Virginia anti-SLAPP statute applies only to statements that are matters of public concern that would be protected under the First Amendment of the Constitution. Va. Code § 8.01-223.2(A)(i). Statements that are matters of public concern involve issues of social, political, or other interest to a community. *Rolofson v. Fraser*, 81 Va. App. 508, 528 (2024); *Carey v. Throwe*, 957 F.3d 468, 475 (4th Cir. 2020). "Conversely, 'personal grievances, complaints about conditions of employment, or expressions about other matters of *personal interest* do not constitute speech about matters of public concern that are protected by the First Amendment.'" *Id.* at 529. Further, while the purpose of the statute is to deter lawsuits brought for the improper purpose of harassing individuals exercising their right to free speech, the immunity provided through § 8.01-223.2 does not apply to statements that the declarant knew or should have known to be false or were made with reckless disregard for their falsity. *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021); Va. Code § 8.01-223.2(B).

For the speech to rise to such level of public concern to warrant constitutional protection, there must be "some objective nexus to the public welfare." *Carey*, 957 F.3d at 478. Courts have held this includes issues such as discriminatory practices and improper treatment of the public. *Rolofson*, 81 Va. App. at 529. Further, courts hold that speech is a matter of public concern when it was meant to reach the broadest public audience it could or it was directed to the public. *Id.* at 529-30 (citing *Snyder v. Phelps*, 562 U.S. 443, 454 (2011); *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 398 (2011)).

2

There is no interpretation of Poldrugo's statements that could find them to be a matter of public concern for purposes of § 8.01-223.2. Indeed, Poldrugo confirms the personal nature of the dispute when he instructs Cogent to "[d]o right by [his] family.'" (ECF Doc 1-1 Ex. A). Poldrugo's statements were not related to any political, social or other legitimate concern for the public. Instead, Poldrugo was focused on purely personal issues regarding his financial state, which is not protected by the First Amendment of the Constitution. In fact, it is clear that his emails concerned exactly the kind of matters of personal interest the case law establishes is not protected speech. Rather than statements on matters of public concern, the statements were made for personal gain with the intent to harm Aery's business reputation without any thought to matters of public concern.

However, even assuming *arguendo* that the statements at issue were on matters of public concern, immunity under the statute does not "apply to statements that the declarant knew or should have known were false or were made in reckless disregard for whether they were false." Va. Code § 8.01-223.2(B). In *Brooks-Buck v. Wahlstrom*, the Supreme Court of Virginia held that allegations in the complaint that the statements at issue were "baseless accusations", that they were made with "ill will," and that the speaker had "extreme animosity" toward the plaintiff were sufficient to preclude claims of immunity under Va. Code § 8.01-223.2. 921 S.E.2d 223, 231 (2025). Here, the complaint alleges that Poldrugo's statements accusing Aery of criminal activity were false, and "were made without reasonable basis, in reckless disregard of the truth, and with actual malice." (ECF1-1 at ¶¶ 31-32.) Further, the complaint alleges that Defendants, frustrated with their failed collection attempts, began attempting to unlawfully interfere with Aery's relationship with its secured creditors. (*Id.* at ¶¶ 12, 17-18.) These facts, taken as true, as they

3

must be at this stage in the proceeding, are sufficient to defeat Defendants' claim that the statements at issue qualify for immunity under Virginia's Anti-SLAPP.

Defendants further argue that the fact that Aery brought suit against Poldrugo individually demonstrates the type of improper purpose Virginia's Anti-SLAPP statute is meant to protect against, but such arguments are baseless. First, Poldrugo made the defamatory statements personally. Second, he did not send the emails from a Talentscale email address. Third, he threatened to further publish the false allegations unless he received "personal satisfaction." Again, these statements were clearly personally motivated. However, even if we accept as true that Poldrugo was acting in his representative capacity for Talentscale when he made those defamatory statements, it is well settled in Virginia law that an officer of a corporation can be held personally liable for his tortious acts, even if they are committed on behalf of the company. *See Borg v. Warren*, 545 F. Supp. 3d 291, 324-25 (E.D. Va. 2021); *see also Miller v. Quarles*, 242 Va. 343, 347 (1991). As a result, there is nothing improper with Aery bringing suit against Poldrugo individually.

### B. This Court does not have subject matter jurisdiction because there is no fraudulent joinder.

#### 1. Aery has plausibly alleged a basis for personal jurisdiction over Poldrugo in Virginia.

The party alleging fraudulent joinder has a heavy burden in showing that a plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The defendants must establish that there is *no possibility* to establish an action in the state court. *Ross Bros. Constr. Co. v. Sparkman*, 2006 WL 1519362 at *2 (S.D. W. Va. 2013) (emphasis added). The Fourth Circuit has held that this standard is even more favorable to the plaintiff than the standard for a ruling on Rule 12(B)(6)

motion to dismiss. *Hartley*, 187 F.3d at 424. Defendants' argument that Virginia courts do not have personal jurisdiction over Poldrugo ignores the proper standard for evaluating a fraudulent joinder and asks this Court to engage in fact intensive jurisdictional inquiry that is more appropriate for the state court to decide on remand. *See Atkinson v. Forest Research Institute, Inc*, 3:15-cv-09302, 2016 WL 1268281, at *5 (S.D. W. Va. Mar. 31, 2016). The only case that Defendants cite in support of their argument that the Fourth Circuit courts have found fraudulent joinder based on a lack of personal jurisdiction is *County Commission of McDowell County v. McKesson Corp.* However, the court's ruling in that case was not based on personal jurisdiction. In fact, the words personal jurisdiction do not even appear in the case. Instead, the court found that the plaintiff in that case had failed to meet a statutory pre-requisite for filing a medical malpractice claim under West Virginia law, and that failure foreclosed any possibility of recovery in state court. 263 F. Supp. 3d 639, 645 (S.D. W. Va. 2017). The facts of that case are inapposite to this matter, and Defendants have failed to cite any case law in support of their position.

In *Ross Brothers Construction Co. v. Sparkman*, even where the question of whether the state court has personal jurisdiction was a close call and there was a possibility that the state court would dismiss the defendant for lack of personal jurisdiction, the court held that for purposes of fraudulent joinder such issues must be resolved in favor of the plaintiff and in favor of remand. 2006 WL 1519362 at *4. Here, Aery has plausibly alleged a basis for personal jurisdiction over Poldrugo in Virginia[1] and Aery is entitled to resolution of all doubts in its favor and in favor of remand. As a result, Aery has provided a sufficient basis to defeat Defendants claims of fraudulent joinder on the basis of personal jurisdiction.

---

[1] For a detailed discussion of Aery's personal jurisdiction arguments, Aery refers this Court to section II.B. of Aery's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF Doc No. 13).

5

### 2. The statements at issue are not privileged.

Defendants' argument that the statements at issue are absolutely privileged under Virginia law, again asks this Court to engage in a fact intensive inquiry that is inappropriate for evaluating fraudulent joinder. In order to establish the Defendants are entitled to absolute privilege under Virginia law, Defendants must prove that the statements at issue were made (1) in a judicial or quasi-judicial proceeding; and are (2) relevant and pertinent to the case. *Lindeman v. Lesnick*, 268 Va. 532, 537 (2004). If the statements at issue were made in an actual court proceeding, in a deposition, or even in communications between counsel for parties to a lawsuit, it would be apparent from the face of the complaint that such statements were made in a judicial proceeding. The statements at issue in Aery's Complaint, however, were made in an email communication by one party to a judicial proceeding (Poldrugo), to a non-party (Cogent Bank). Further, even assuming *arguendo* that this Court found that it was evident on the face of the complaint that the statements were made in a judicial proceeding, the determination of whether the statements at issue were relevant to the matter under inquiry, is a fact intensive inquiry. *See Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 267-68 (2021).[2] A fraudulent joinder inquiry "is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact." *Hartley*, 187 F.3d at 425. Again, this Court should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* As a result, Defendants' arguments regarding absolute privilege do not establish fraudulent joinder and defeat Aery's Motion to Remand.

---

[2] For a detailed discussion of the privilege issues raised by Defendants, Aery refers this Court to section II.D. of Aery's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF Doc. No. 13).

6

### 3. The statements at issue are provably false statements of fact.

Defendants' argument that Poldrugo's false allegations accusing Aery of ongoing financial crime are "constitutionally protected opinion" is contrary to common sense and well-established Virginia law. Statements that impute criminal conduct, fraud, or other illegal activity are statements of fact capable of being proven true or false and are actionable as defamation *per se. See Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7–8 (1954); *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 46–47 (2009). Further, whether Aery has committed any financial crimes or "defrauded a court" is objectively verifiable as either true or false. To suggest otherwise defies logic. However, even if this Court were to find that it is questionable if the statements at issue are opinion or fact, that question must be resolved in Aery's favor for purposes of evaluating fraudulent joinder. *Hartley*, 187 F. 3d at 425.

### III.  CONCLUSION

Defendants have failed to carry their heavy burden of showing that Aery has no possibility of recovering against Poldrugo. As a result, Defendants' claim of fraudulent joinder fails. Further, because Defendants' sole claim for subject matter jurisdiction is diversity jurisdiction, and complete diversity of citizenship does not exist in this case, Aery requests that this Court remand the matter back to state court for lack of subject matter jurisdiction.

**Respectfully Submitted,**
**AERY AVIATION, LLC**

By: /s/ *Erin C. McDaniel*
         Of Counsel

Chris D. Davis (VSB No. 74809)
Erin C. McDaniel (VSB No. 94884)
Davis, Burch & Abrams
555 Belaire Ave, Suite 340

7

Chesapeake, VA 23320
Telephone: (757) 410-2293
Facsimile: (757) 257-8614
Chris.davis@davisba.com
Erin.mcdaniel@davisba.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>28th</u> day of January 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system which will send notification of such filing to the following:

Amy Epstein Gluck
Pierson Ferdinand LLP
601 Pennsylvania Ave, NW Ste 900
Washington, DC 20004
301-526-1184
amy.epsteingluck@pierferd.com

By: /s/ *Erin C. McDaniel*

8