UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

AERY AVIATION, LLC,

       Plaintiff,

v.                                   CIVIL NO. 4:25-cv-173

TALENTSCALE, INC.,

and

DOUGLAS POLDRUGO,

       Defendants.

## REMAND ORDER

This matter comes before the court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Failure to State a Claim, and Violation of Virginia's Anti-SLAPP Statute, ECF Nos. 5 ("Motion to Dismiss"), 6 (Memorandum in Support), and on Plaintiff's Motion to Remand, ECF Nos. 7 (Motion), 8 (Memorandum in Support). For the reasons explained in this Remand Order, Plaintiff's Motion to Remand is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court for the City of Newport News. The court does not rule upon the Motion to Dismiss.

### I. BACKGROUND

#### A.

Plaintiff Aery Aviation, LLC ("Aery") is a Newport News, Virginia-based limited liability company specializing in aviation

services.[1] Defendant Talentscale Inc. ("Talentscale") is an aerospace staffing company registered in Nevada and with its principal place of business in Nevada. ECF Nos. 1 ¶ 16; 1-1 ¶ 2 (Verified Complaint, hereinafter referred to as the "Complaint"). Defendant Douglas Poldrugo is a Florida citizen and the principal of Talentscale. ECF No. 1 ¶ 18; Compl. ¶ 3.

This case ultimately arises from a commercial dispute between Aery and Talentscale concerning Aery's nonpayment for staffing services provided by Talentscale in 2021-22. See Compl. ¶¶ 10, 11. On October 9, 2024, this federal district court confirmed a $1.2 million arbitration award against Aery and owed to Talentscale. ECF No. 1 ¶ 6; Compl. ¶ 11; see Judgment in a Civil Case, Talentscale, Inc. v. Aery Aviation, LLC, No. 4:24-cv-33 (E.D. Va. Oct. 9, 2024), ECF No. 17 ("2024 Judgment"). The 2024 Judgment was subsequently domesticated in Florida, where Talentscale continues to pursue collection through civil garnishment proceedings. ECF No. 1 ¶¶ 8, 9; Compl. ¶ 12; see Talentscale, Inc. v. Aery Aviation, LLC, No. 5:25-mc-1 (N.D. Fla.).

---

[1] Aery's principal place of business is Newport News, Virginia, and its members are residents of Virginia and Florida. ECF No. 1 ¶ 15 (Notice of Removal). Accordingly, Aery is a citizen of Virginia and Florida for diversity jurisdiction purposes. See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

The instant case was filed in the Circuit Court for the City of Newport News on November 26, 2025, with Aery bringing one count of Defamation per se under the laws of Virginia and seeking compensatory and punitive damages, with other relief as appropriate. ECF Nos. 1 ¶ 1; Compl. ¶¶ 30-33. The controversy arises from two (2) allegedly defamatory emails sent by Defendant Poldrugo to Aery's creditor, Cogent Bank, as Poldrugo continued to attempt to collect the 2024 Judgment. ECF No. 1 ¶ 10; Compl. ¶¶ 19-25; see Compl. Ex. A. In the first email, sent on August 22, 2025, by Poldrugo from a "kinetic-ts.com" email address to numerous personnel at Cogent Bank, Poldrugo accused Aery of committing "ongoing financial crime." Compl. ¶ 20; Compl. Ex. A. Poldrugo further accused Cogent Bank of aiding such crime, for which Cogent Bank was "legally and soon to be criminally liable." Compl. Ex. A. The first email also expressed an "intent to share this publicly on any and all outlets," including through "family members who work at high visibility media networks." Id. Finally, the first email was also accompanied by legal and factual analysis prepared by Talentscale's Florida attorney, Kenneth Chase. Id.; see Compl. ¶ 22; ECF No. 5-1 ¶ 13 ("Poldrugo Declaration"). That analysis sets forth allegations that Aery and Cogent Bank colluded to mislead the court overseeing garnishment proceedings in Florida by misrepresenting Aery's liquidity. Compl. Ex. A.

3

Poldrugo's second email, sent four (4) days later on August 26, 2025, to the same group of Cogent Bank personnel as part of the same email thread, asked for acknowledgement of the first email. Compl. Ex. A.

**B.**[2]

On December 29, 2025, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. ECF No. 1. Defendants claim that this action may be removed to federal court pursuant to 28 U.S.C. § 1441(a) because the court has original jurisdiction under 28 U.S.C. § 1332. Id. ¶ 24. Defendants claim that this court may exercise diversity jurisdiction under § 1332, despite the fact that there is no complete diversity among the parties,[3] because Defendant Poldrugo was "fraudulently joined" to defeat this court's jurisdiction. ECF No. 1 ¶¶ 14, 24, 25.

Defendants filed their Motion to Dismiss on January 5, 2026. ECF No. 5. Defendants argue that this court lacks personal jurisdiction over Defendants and that venue is improper in this federal district. ECF No. 6 at 6-16. Defendants also argue that

---

[2] This subsection references both (1) Defendants' Motion to Dismiss, ECF No. 5; and (2) Aery's Motion to Remand, ECF No. 7, as both motions remain pending, and issues presented in relevant briefing and exhibits are relevant for both motions. See Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999).

[3] See supra note 1 and accompanying text.

4

Aery fails to state a claim for defamation under Virginia law. Id. at 16-26. In support of these arguments, the Motion to Dismiss is accompanied by the Poldrugo Declaration, which sets forth jurisdictional allegations, some history of the commercial dispute and subsequent litigation between Aery and Talentscale, as well as factual allegations concerning the allegedly defamatory emails and Defendants' attempts to collect the 2024 Judgment. ECF No. 5-1.

On January 8, 2026, Aery filed its Motion to Remand. ECF No. 7. Aery argues that it did not fraudulently join Defendant Poldrugo, that this court accordingly lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are not completely diverse, and that this case must therefore be remanded to the Circuit Court for the City of Newport News. ECF No. 8.

The next day, on January 9, 2026, Aery filed a Motion to Stay Proceedings Pending the Court's Ruling on Aery's Motion to Remand, ECF Nos. 9 ("Motion to Stay"), 10 (Memorandum in Support), and a Motion to Expedite Consideration of its Motion to Stay, ECF Nos. 11 ("Motion to Expedite Consideration"), 12 (Memorandum in Support). Because Aery viewed the Motion to Remand, ECF No. 7, as dispositive, Aery sought a stay of all proceedings, or in the alternative, an extension of time to oppose the Motion to Dismiss, while the Motion to Remand remained pending. ECF Nos. 10, 12. Aery also sought expedited consideration of the Motion to Stay so that

Aery's deadline to file an opposition to the Motion to Dismiss did not elapse. ECF No. 12.

On January 20, 2026, Aery filed a Memorandum in Opposition to Defendants' Motion to Dismiss. ECF No. 13. The court accordingly deemed Aery's Motion to Stay and Motion to Expedite Consideration, ECF Nos. 9, 11, as unnecessary and denied them as moot. ECF No. 14 (Order). The court stated that it would "proceed to rule on the Motion to Remand, ECF No. 7, and on the Motion to Dismiss, ECF No. 5, once fully briefed and ripe for consideration." Id. at 2.

Aery's Opposition to the Motion to Dismiss argues that though this court lacks subject matter jurisdiction under 28 U.S.C. § 1332, this court does have personal jurisdiction over Defendants, and venue is proper in this federal district. ECF No. 13 at 2-12. Further, Aery argues that it has stated a viable defamation claim under Virginia law. Id. at 12-18. The Opposition is accompanied by the Declaration of Sean Boyd. ECF No. 13-1 ("Boyd Declaration"). Sean Boyd is a representative of Aery, and the Boyd Declaration sets forth jurisdictional allegations, as well as factual allegations concerning the history of the commercial dispute between Aery and Talentscale and the allegedly defamatory emails sent by Defendant Poldrugo to Cogent Bank. Id. The Boyd Declaration also alleges that Defendant Poldrugo made additional defamatory statements about Aery and its principals on the social

6

media platform LinkedIn, which were allegedly directed at Aery and its principals "with the foreseeable and intended effect of causing reputational harm to Aery where it is located and conducts business, i.e., Virginia." Boyd Decl. ¶¶ 10-13. Screenshots of these LinkedIn posts are included as Exhibits 1 and 2 to the Boyd Declaration. Id. at 4-5. Aery's Opposition to the Motion to Dismiss cites these LinkedIn posts as a basis for personal jurisdiction over Defendants and states that Aery intends to amend its complaint to add additional defamation claims. ECF No. 13 at 7 n.2.

Defendants filed an Opposition to Aery's Motion to Remand on January 22, 2026. ECF No. 15. Defendants maintain that Aery fraudulently joined Poldrugo because Aery has "no possibility of recovering against Poldrugo." Id. at 2. Defendants' Opposition also requests that the court consider their Motion to Dismiss, ECF No. 5, concurrently with Aery's Motion to Remand, ECF No. 7, as resolving both motions will "avoid the inefficiency of remanding to state court, only to have the state court dismiss Poldrugo for the same defects Defendants have identified." Id. at 14.

Defendants filed a Reply in Support of the Motion to Dismiss on January 26, 2026. ECF No. 16. Defendants maintain that this court lacks personal jurisdiction over Defendants and that venue is improper in this district court. Id. at 2-8. Defendants also

7

maintain that Aery fails to state a claim for defamation under Virginia law. Id. at 8-17.[4]

On January 28, 2026, Aery filed a Reply in support of its Motion to Remand. ECF No. 17. Aery maintains that it has shown a chance of recovery for defamation under Virginia law and that lack of personal jurisdiction does not support a finding of fraudulent joinder. See generally id.

At this juncture, Defendants' Motion to Dismiss, ECF No. 5, and Aery's Motion to Remand, ECF No. 7, have both been fully briefed by the parties and are ripe for a ruling. Accordingly, the court will proceed as indicated in its January 21, 2026, Order. See ECF No. 14 at 2.

## II. JURISDICTION

### A.

The court begins its analysis by confronting the unusual posture of this case, in which no party invokes the jurisdiction of this federal district court for a merits ruling. Aery seeks

---

[4] Defendants also argue that Aery's Opposition, ECF No. 13, failed to rebut the argument in the Motion to Dismiss that Aery fraudulently joined Defendant Poldrugo, and that consequently the court may treat Poldrugo's fraudulent joinder as conceded. ECF No. 16 at 17. Aery's Opposition to the Motion to Dismiss argues that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332, ECF No. 13 at 2-3, and fraudulent joinder is extensively briefed by Aery in its Motion to Remand, ECF Nos. 7, 8, and Reply thereto, ECF No. 17. Accordingly, the court does not deem Poldrugo's fraudulent joinder conceded by Aery.

remand back to the Circuit Court for the City of Newport News, claiming that the parties are not completely diverse and that this federal court therefore lacks removal jurisdiction pursuant to 28 U.S.C. § 1332. ECF Nos. 7, 8. Defendants, meanwhile, seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this federal court, and courts in Virginia generally, lack personal jurisdiction over Defendants. ECF Nos. 5, 6. Additionally, Defendants argue that venue is improper in this court and seek dismissal, or, in the alternative, transfer of proceedings to the Northern District of Florida pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). ECF No. 6 at 12-16.

First, it is axiomatic that federal courts may not proceed to the merits of a case or controversy without jurisdiction. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (quoting Ex parte McCardle, 74 U.S. 506, 514 (1868)). Under normal circumstances, the court first resolves whether it may exercise subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999). However, where multiple challenges to a district court's jurisdiction are pending, there is no "sequencing of jurisdictional issues," and the district court may "choose among threshold grounds for denying audience to a case on the merits." Id. at 584-85; accord Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 432 (2007). "If,

9

however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." <u>Sinochem</u>, 549 U.S. at 436.

On consideration of Defendants' Motion to Dismiss, ECF No. 5, and Aery's Motion to Remand, ECF No. 7, and all relevant briefing and exhibits submitted by the parties, the court determines that remand of this action to the Circuit Court for the City of Newport News is the "proper course" because Defendants have failed to meet their heavy burden of proof under the fraudulent joinder doctrine to support diversity jurisdiction.

**B.**

For the court to exercise diversity jurisdiction on removal from state court, there must be "complete diversity" among the parties, such that "a plaintiff cannot be a citizen of the same state as any defendant." <u>Johnson v. Am. Towers, LLC</u>, 781 F.3d 693, 703-4 (4th Cir. 2015) (citing <u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. 1999)). The "fraudulent joinder" doctrine provides an exception to the requirement of complete diversity. <u>See</u> <u>id.</u> Under the doctrine, "naming non-diverse defendants does not defeat diversity jurisdiction." <u>Id.</u> Instead, the fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the

10

nondiverse defendants, and thereby retain jurisdiction." Id. (quoting Mayes, 198 F.3d at 461).

To establish fraudulent joinder, the removing party must show "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Mayes, 198 F.3d at 464 (citation omitted). If the court identifies "only a slight possibility of a right to relief," then removal is defeated. Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) (citation omitted). Further, in assessing whether the plaintiff has met this "heavy" burden of proof, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Mayes, 198 F.3d at 464 (citation modified).

Here, Defendants claim that Aery cannot recover against Defendant Poldrugo, the nondiverse Defendant. ECF No. 15. Defendants argue that Aery cannot recover against Poldrugo because (1) Va. Code § 8.01-223.2 immunizes Poldrugo from Aery's defamation claim; (2) courts in Virginia lack personal jurisdiction over Poldrugo; (3) Poldrugo's allegedly defamatory emails are absolutely privileged under Virginia law, as they were made in connection with judicial proceedings; and (4) the Complaint fails to state a defamation claim against Poldrugo under Virginia

11

law. See generally id. For the reasons explained below, the court is not satisfied that Defendants have met their "heavy" burden. See Mayes, 198 F.3d at 464.

### 1. Immunity Under Va. Code § 8.01-223.2

Defendants claim that Aery cannot recover against Poldrugo because Aery's defamation claim is barred by Va. Code § 8.01-223.2. ECF No. 15 at 2-3. That Virginia statute confers immunity from tort liability "if the tort claim is based solely on statements . . . regarding matters of public concern that would be protected under the First Amendment to the Constitution of the United States made by that person that are communicated to a third party." Va. Code § 8.01-223.2. The court does not agree that this Virginia statute necessarily applies here.

At a threshold level, the court declines to determine whether Poldrugo's allegedly defamatory emails are true or were made with actual malice. See Compl. ¶ 32 ("Defendants' accusations were made without reasonable basis, in reckless disregard of the truth, and with actual malice."); see also Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657, 688 (1989) (holding that courts must "consider the factual record in full" when applying the "actual malice" standard). Rather, the court is satisfied that Aery has a chance of recovery for defamation, despite Va. Code § 8.01-223.2, because Poldrugo's emails arguably do not concern "matters of

12

public concern." Id. For the purposes of § 8.01-223.2, "[s]peech involves a matter of public concern when it involves an issue of social, political, or other interest to a community." Rolofson v. Fraser, 904 S.E.2d 284, 294 (Va. Ct. App. 2024) (quoting Carey v. Throwe, 957 F.3d 468, 475 (4th Cir. 2020)). "[P]ersonal grievances . . . or expressions about other matters of personal interest do not constitute speech about matters of public concern[.]" Id. (emphasis in original) (quoting Campbell v. Galloway, 483 F.3d 258, 267 (4th Cir. 2007)). Here, Poldrugo has made accusations of ongoing financial crime and fraud on the court in the Florida garnishment proceedings, which may implicate matters of public concern. Nevertheless, Poldrugo's emails appear to have arisen out of a private commercial dispute, and he appears to express a personal, rather than public, grievance. See Compl. Ex. A ("I don't care if I'm telegraphing it but I also expect personal satisfaction through this[.]"). Whether Poldrugo's emails concerned matters of public interest is an issue involving a "close call," and a finding that Aery's claim is barred by Va. Code § 8.01-223.2 is inappropriate at this juncture. See Skevofilax ex rel. Skevofilax v. Aventis Pasteur, Inc., 304 F. Supp. 2d 691, 693 (D. Md. 2003) (citing Mayes, 198 F.3d at 466). Accordingly, Va. Code § 8.01-223.2 does not support fraudulent joinder of Poldrugo.

13

## 2. Absolute Privilege

Defendants claim that Aery cannot recover against Poldrugo because his emails to Cogent Bank were "made in connection with judicial or quasi-judicial proceedings" and "absolutely privileged under Virginia law." ECF No. 15 at 8. It is true that "words spoken or written in a judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged" under Virginia law. Givago Growth, LLC v. iTech AG, LLC, 863 S.E.2d 684, 687 (Va. 2021) (emphasis omitted). The court notes that this privilege is an affirmative defense improperly raised at the pleadings stage under Virginia law. Id. at 686-87. In any case, Defendants have not foreclosed a "glimmer of hope" that Poldrugo's emails were not privileged. See Hartley, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

Here, it is not clear that Poldrugo's emails were made "in a judicial proceeding" or quasi-judicial proceeding. Givago, 863 S.E.2d at 687 (emphasis added). The court acknowledges that Cogent Bank is a party to the garnishment proceedings in Florida, and that Poldrugo's allegedly defamatory emails appear to have arisen in connection with those proceedings. See Talentscale, Inc. v. Aery Aviation, LLC, No. 5:25-mc-1 (N.D. Fla.); Compl. Ex. A. But certainly Poldrugo's emails to Cogent Bank were not made in a court

14

filing or "before a tribunal or officer clothed with judicial or quasi-judicial powers." Givago, 863 S.E.2d at 265. Nor were they made during a "proceeding," such that the "safeguards" of "liability for perjury" and "rules of evidence" applied. Lindeman v. Lesnick, 604 S.E.2d 55, 58 (Va. 2004); see Watt v. McKelvie, 248 S.E.2d 826, 829 (Va. 1978) (holding that allegedly defamatory statement published during a deposition was absolutely privileged). And while the legal analysis prepared by Talentscale's Florida counsel tends to indicate that Poldrugo's emails were "preliminary to a proposed proceeding," Poldrugo's apparent personal grievance and his threat to involve the press undermines a conclusion that the emails were "contemplated in good faith," "under serious consideration," and "material, relevant or pertinent" to judicial proceedings. Mansfield v. Bernabei, 727 S.E.2d 69, 75 (Va. 2012). Accordingly, Defendants' claim of absolute privilege does not support fraudulent joinder.

3. Failure to State a Claim

Defendants argue that Aery cannot recover against Poldrugo because it has failed to state a claim for defamation per se under Virginia law. ECF No. 15 at 10-12. Specifically, Defendants argue that Poldrugo's allegedly defamatory emails are inactionable opinion or hyperbole. Id. Alternatively, Defendants claim Poldrugo's statements are entitled to a truth defense. Id. at 12.

15

Construing all issues of fact and law in Aery's favor, a possibility remains that Aery can establish a claim for defamation per se in Virginia court.

To begin, Poldrugo's allegedly defamatory emails accused Aery of "ongoing financial crime," and "ongoing fraud." Compl. Ex. A. Contrary to Defendants' argument, these allegedly defamatory accusations are not inactionable "opinion" or "hyperbole." ECF No. 15 at 10-11; see Lewis v. Kei, 708 S.E.2d 884, 891 (Va. 2011) ("Expressions of opinion . . . are not actionable as defamation."). Rather, Poldrugo's emails lodge an extremely serious factual allegation that Aery and Cogent Bank colluded to misrepresent Aery's liquidity. This accusation of criminal conduct is certainly a provable fact and not "relative in nature" or dependent "largely on [the] speaker's [point of view]." ECF No. 15 at 11 (quoting Rolofson, 904 S.E.2d at 291). Because Poldrugo's emails may be proved false, it is possible that Aery can establish a claim for defamation per se. See Lewis, 708 S.E.2d at 891. Furthermore, insofar as Defendants claim Poldrugo's emails are inactionable because a truth defense applies, the court will not make a truth finding in this preliminary case posture. See Harte-Hanks Commc'ns, 491 U.S. at 688; Hartley, 187 F.3d at 425 (finding no fraudulent joinder in part because the court could not conclude the plaintiff had "no chance of establishing the facts necessary

16

to support her tort claims"). Accordingly, Defendants have not established fraudulent joinder for Aery's failure to state a viable defamation claim.

## 4. Lack of Personal Jurisdiction

Lastly, the court turns to Defendants' argument that a lack of personal jurisdiction bars Aery's recovery against Poldrugo in Virginia courts. See ECF No. 15 at 4-8. However, numerous courts have found that remand is appropriate where no other basis for fraudulent joinder exists than a lack of personal jurisdiction. See, e.g., Burks v. Gen. Motors Corp., 297 F. Supp. 2d 889, 890-91 (N.D. Miss. 2003); Liljeberg v. Cont'l Tire The Americas, LLC, No. 2:11-cv-510, 2012 WL 602306, at *5 (M.D. Ala. Feb. 24, 2012); Magdalena v. Toyota Motor Corp., Civil No. 12-20661, 2013 WL 12092086, at *5 (S.D. Fla. July 10, 2013) (collecting cases).

Here, all parties agree that there is no complete diversity absent a finding of fraudulent joinder, ECF Nos. 1 ¶ 19, 8 at 6, and the court has determined that Defendants' other arguments do not support a finding of fraudulent joinder. Though Defendants raise meritorious arguments that Virginia courts may not constitutionally exercise personal jurisdiction over Poldrugo, a ruling by this federal court concerning personal jurisdiction would upset the "coequal stature" of Virgina courts given the readily discernable lack of federal subject matter jurisdiction.

17

Ruhrgas, 526 U.S. at 587.[5] Accordingly, this matter shall be remanded, with the determination of personal jurisdiction properly left "to the learned state court." Liljeberg, 2012 WL 602306, at *5 (citing Ruhrgas, 526 U.S. at 587).

### III. CONCLUSION

For the foregoing reasons, nondiverse Defendant Douglas Poldrugo has not been fraudulently joined in this matter. Because the parties lack complete diversity, this court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and thereby removal jurisdiction under 28 U.S.C. § 1441. Accordingly, Aery's Motion to Remand, ECF No. 7, is **GRANTED**, and this matter is **REMANDED** to the Circuit Court for the City of Newport News. The court does not rule upon the Motion to Dismiss, ECF No. 5. Nor does the court award expenses, fees, or costs pursuant to 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to forward a copy of this Remand Order to counsel of record for the parties and to effect the remand to the Circuit Court for the City of Newport News.

---

[5] This court acknowledges it has discretion to first address a lack of personal jurisdiction when there is a "difficult and novel question" of subject matter jurisdiction, Ruhrgas, 526 U.S. at 588 (emphasis added), but the Supreme Court has further stated that "in most instances subject-matter jurisdiction will involve no arduous inquiry," id. at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first." Id. at 587-88 (citation omitted). Here, there is no "difficult and novel question" of subject matter jurisdiction.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 3, 2026

19